IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BOBBY EARL MCGRAW,**<br>ID # 50417-380,<br>Petitioner,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br>Respondent. | )<br>)<br>)<br>)  No. 3:18-CV-2746-B-BH<br>)<br>)<br>)<br>)  Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the petitioner's *Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on October 16, 2018 (doc. 3). Based on the relevant findings and applicable law, the petition should be **DISMISSED** for lack of jurisdiction.

**I. BACKGROUND**

Bobby Earl McGraw (Petitioner), a federal prisoner incarcerated at the Federal Correctional Institute in Seagoville, Texas (FCI-Seagoville), was sentenced in the United States District Court for the Western District of Texas to 72 months of imprisonment, to be followed by 3 years of supervised release, following his conviction on one count of conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(c). (*See* doc. 11 at 12-18; Case No. 6:15-CR-69-WSS at doc. 42.)[2] He filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the determination by the Bureau of Prisons' (BOP) that he did not qualify for early release under 18

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in this habeas action, 3:18-CV-2746-B-BH. Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

U.S.C. § 3621(e) based on his completion of a residential drug abuse program (RDAP) while incarcerated. (*See* doc. 3 at 5.) He seeks early release under 18 U.S.C. § 3561(e). (*See id.* at 7.)

The respondent argues that the court lacks subject matter jurisdiction to adjudicate a § 2241 challenge to a discretionary determination by BOP under § 3621(e). (*See* docs. 8, 11.) On June 29, 2020, she filed a notice stating that Petitioner was released from BOP custody on June 26, 2020. (*See* doc. 12.)

## II. JURISDICTION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case or controversy becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a "personal stake in the outcome" of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citations omitted). If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990).

A habeas petition "is not moot simply because a § 2241 petitioner is no longer in custody." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969)). The possibility that a district court may shorten a period of supervised release under 18 U.S.C. § 3583(e)(2) "if it determines that [the defendant] has served

2

excess prison time" can keep the § 2241 petition from being rendered moot. *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006). A habeas petition may be moot, however, "when the court cannot grant the relief requested by the moving party." *Salgado*, 220 F. App'x at 257 (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)); *see also Kokoski v. Fox*, No. 1:10cv777, 2012 WL 4321717, at *3 (E.D. Tex. Aug. 6, 2012) ("A case may become moot when an 'intervening factual event . . . causes the [petitioner] to no longer have a present right to be vindicated or a stake or interest in the outcome.'") (quoting *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998) (citations omitted)).

Here, Petitioner challenges BOP's denial of early release under §3621(e). He "does not challenge his conviction, which carries collateral consequences even after release." *Green v. Maiorana*, 599 F. App'x 557 (5th Cir. 2015) (citing *Spencer*, 523 U.S. at 7). A challenge to the imposition and duration of confinement rather than the validity of a conviction becomes moot when the petitioner is released from custody. *Hutton v. Director*, No. 6:18cv143, 2019 WL 6534936, at *2 (E.D. Tex. Oct. 30, 2019)) (citing *Lane v. Williams*, 455 US. 524, 631 (1982) and *Bailey v. Sutherland*, 821 F2d 277, 278-79 (5th Cir. 1987)). Because the only relief he sought was early release from confinement, Petitioner's release from custody while his petition was pending renders his claim moot, so his petition should be dismissed for lack of jurisdiction. *See Lawson v. Berkebile*, No. 3:08-CV-1285-M, 2008 WL 5264634, at *2 (N.D. Tex. Dec. 16, 2008) (dismissing as moot the petitioner's § 2241 petition challenging denial of approval for early release under § 3621(e) following the petitioner's release from custody).[3]

---

[3] Even if the petition is not moot, and there is a possibility that Petitioner's period of supervised release may be shortened if he was found to have served excess prison time, this Court would still lack jurisdiction because only the sentencing court may make that determination. *Lawson v. Berkebile*, 308 F. App'x 750, 752 (5th Cir. 2009) (citing 18 U.S.C. §§ 3583(e)(2), 3605).

## III. RECOMMENDATION

Petitioner's *Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241* should be **DISMISSED** for lack of jurisdiction.

**SIGNED** this 6th day of July, 2020.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4